ERIK BABCOCK
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland Ca 94607
Telephone (510) 452-8400
Fax (510) 452-8405
erik@babcocklawoffice.com

Attorney for Defendant
RAJESHWAR SINGH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 13-CR-00084-TLN |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER FOR |
| | ) CONTINUANCE AS TO SURGIT AND |
| vs. | ) RAJESHWAR SINGH |
| | ) |
| SURJIT SINGH, RAJESHWAR SINGH, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

**STIPULATION**

Erik Babcock, attorney for Rajeshwar Singh, Colin L. Cooper, attorney for Surjit Singh, and Jared Dolan, attorney for the United States of America, hereby stipulate as follows:

1.      By previous order, this matter was set for status as to all defendants on November 19, 2015.

2.      By this stipulation, defendants Surgit and Rajeshwar Singh now move to continue the status conference until January 21, 2016 and to exclude time between November 19, 2015 and January 21, 2016, under Local Code T4.   Defendant Anita Sharma is not part of this stipulated agreement.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      Erik Babcock desires additional time to review the discovery, conduct investigation and consult with his client.  Counsel also desires additional time to continue discussions with the prosecution to determine if this case can be resolved with a negotiated disposition.  In addition, Mr. Babcock is unavailable for a status conference in December, 2015 because of trials set in state court.

b)      Counsel for all defendants believe that the failure to grant the above requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance.

d)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

e)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 19, 2015 to January 21, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: November 17, 2015                    _____/s/_____
                                            JARED DOLAN
                                            Assistant United States Attorney


DATED: November 17 2015                     _____/s/_____
                                            COLIN L. COOPER
                                            Attorney for Defendant Surjit Singh

DATED: November 17, 2015                    _____/s/_____
                                            ERIK BABCOCK
                                            Attorney for Defendant Rajeshwar Singh
                                            United States Attorney

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 13-CR-00084-TLN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SURJIT SINGH, RAJESHWARD SINGH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated above, the Court sets Thursday, January 21, 2016 at the hour of 9:30 a.m. as the date for the status conference as to defendants SURGIT SINGH and RAJESHWAR SINGH.  The court also finds that the exclusion of this period from the time limits applicable under 18 U.S.C. §3161 is warranted, and that the ends of justice served by the continuance outweigh the interests of the public and the defendant in a speedy trial for the periods from November 19, 2015, to January 21, 2016, s*ee* 18 U.S.C. §3161(h)(7)(A); and that the failure to grant the requested exclusion of time would deny counsel for the defendant the reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence, and would result in a miscarriage of justice.  *See* 18 U.S.C. §3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

DATED: November 17, 2015

_____
Troy L. Nunley
United States District Judge

4