COLIN L. COOPER, SBN 144291
KELLIN R. COOPER, SBN 172111
DUSTIN GORDON, SBN 205216
COOPER LAW OFFICES
800 Jones Street
Berkeley, California 94710
Telephone (510) 558-8400
Fax (510) 558-8401

Attorneys for Defendant
SURJIT SINGH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 13-CR-00084-GEB |
| )  Plaintiff, ) | STIPULATION AND ORDER FOR CONTINUANCE |
| vs. ) | |
| SURJIT SINGH, et al., ) | |
| Defendant. ) | |

**STIPULATION**

Colin L. Cooper, attorney for Surjit Singh, Michael Chastaine, attorney for Anita Sharma, Erik Babcock, attorney for Rajeshwar Singh and Jared Dolan, attorney for the United States of America, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 22, 2016.

2. By this stipulation, defendant now moves to continue the status conference until February 12, 2016, and to exclude time between January 22, 2016, and February 12, 2016, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

1

a)   Initially the status conference was set for January 21, 2016, however, once the case was reassigned the rescheduling of the status to January 22, 2016, has created scheduling problems for multiple defense counsel.  Mr. Cooper is unavailable on January 22, 2106, as his office is currently scheduled to be in Napa, Vallejo, and Oakland that morning.  Due to those prior commitments no one from Mr. Cooper's office is available the morning of January 22, 2016.

b)   In addition Mr. Babcock is unavailable on January 22, 2016, because he is currently in trial in United District Court for the Northern District of California and that trial may go into the first week of February.

c)   Counsel for all defendants believe that the failure to grant the above requested continuance would deny them the reasonable time necessary for continuity of counsel and effective preparation, taking into account the exercise of due diligence.

d)   The government does not object to the continuance.

e)   Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 22, 2016 to February 12, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: January 19, 2016    _____/s/_____
                           COLIN L. COOPER
                           Attorney for Defendant Surjit Singh

DATED: January 19, 2016    _____/s/_____
                           MICHAEL CHASTAINE
                           Attorney for Defendant Anita Sharma

DATED: January 19, 2016    _____/s/_____
                           ERIK BABCOCK
                           Attorney for Defendant Rajeshwar Singh
                           United States Attorney

DATED: January 19, 2016    _____/s/_____
                           JARED DOLAN
                           Assistant United States Attorney

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 13-CR-00084-GEB |
| Plaintiff, | ) | |
| vs. | ) | |
| SURJIT SINGH, et al, | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated above, the Court sets Friday, February 12, 2016, at the hour of 9:00 a.m. as the date for the status conference.  The court also finds that the exclusion of this period from the time limits applicable under 18 U.S.C. §3161 is warranted, and that the ends of justice served by the continuance outweigh the interests of the public and the defendant in a speedy trial for the periods from January 22, 2016 to February 12, 2016, *See* 18 U.S.C. §3161(h)(7)(A); and that the failure to grant the requested exclusion of time would deny counsel for the defendant the reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence, and would result in a miscarriage of justice.  *See* 18 U.S.C. §3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

**Dated:  January 22, 2016**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge