UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SURJIT SINGH,<br><br>  Defendant. | No. 2:13-cr-00084-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Surjit Singh's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 433.) The Government filed an opposition. (ECF No. 440.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On November 8, 2017, a jury found Defendant guilty on all twelve counts of the Indictment, which included four counts of mail fraud in violation of 18 U.S.C. § 1341, four counts of bank fraud in violation of 18 U.S.C. § 1344, and four counts of making false statements on loan and credit applications in violation of 18 U.S.C. § 1014.  (ECF No. 148.)  On November 9, 2018, Judge Garland E. Burrell, Jr., sentenced Defendant to a 135-month term of imprisonment followed by a 24-month term of supervised release.  (ECF Nos. 258, 261.)  Defendant is currently serving his sentence at FCI-La Tuna.  (ECF No. 440 at 5.)  He has served approximately 68 months of his 135-month sentence, and his projected release date is March 23, 2027.  (*Id.* at 6.)

On December 11, 2023, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 433.)  Defendant requests the Court reduce his sentence to time served.  (*Id.* at 16.)

**II.   ANALYSIS**

A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant made a request to the warden on July 31, 2023.  (ECF No. 433-1 at 2.)  Because more than 30 days have elapsed since that request, Defendant has met the threshold exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

B.   Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a

sentence reduction and such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

Defendant asserts his medical conditions constitute extraordinary and compelling reasons for his release.  (ECF No. 433 at 11.)  Defendant argues he is a 75-year-old man suffering from Type 2 Diabetes, hyperlipidemia, hypertension, glaucoma, hearing loss, anemia, retinopathy, hypermetropia, astigmatism, and presbyopia.  (*Id.* at 7–8.)  Defendant also states he has an unknown mass in his upper right lung.  (*Id.*)  Defendant argues that "taken all together[,] these illnesses are both a serious medical condition and [sign of] deteriorating physical health because of the aging process pursuant to § 1B1.13(b)(1)(B)."  (*Id.* at 11.)  Defendant argues the nature of his ailments prevent him from receiving sufficient self-care at his facility.  (*Id.*)

In opposition, the Government asserts Defendant "has not established that he is suffering from a condition that 'substantially diminishes' his ability 'to provide self-care within the environment of a correctional facility and from which . . . he[ ]is not expected to recover.'"  (ECF No. 440 at 9 (citing the standard set forth in U.S.S.G. § 1B1.13(b)(1)(B)).)  The Government further maintains Defendant's medical records demonstrate the BOP has been able to monitor and treat his medical conditions.  (*Id.*)

The Court agrees with the Government.  Defendant's medical records indicate he is being sufficiently treated for his medical conditions.  As noted by the Government, "[c]hronic conditions 'that can be managed in prison are not a sufficient basis for compassionate release.'"  (ECF No. 440 at 9 (citing *United States v. Ayon-Nunez*, No. 16-cr-130-DAD, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020).)  Based on the record before the Court, it appears none of Defendant's conditions substantially diminish Defendant's ability to provide self-care and the BOP is capable of adequately treating such conditions.

C. 18 U.S.C. § 3553(a) Factors

The Court also finds a sentence reduction is not warranted under the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release); *see also United States v. Dogan*, No. 2:16-cr-00198-JAM, 2020 WL 4208532, at *3 (E.D. Cal. July 22, 2020).

Defendant outlines several reasons why compassionate release should be granted under these factors: (1) Defendant has demonstrated substantial evidence of rehabilitation during his time in prison; (2) Defendant was subject to harsh conditions during the COVID-19 pandemic; and (3) Defendant is no longer a danger to the safety of others. (ECF No. 433 at 12–16.)

In opposition, the Government emphasizes that Defendant's age and medical conditions were considered at sentencing. (ECF No. 440 at 12.) The Government also argues a sentence reduction would not provide just punishment for the offense, nor would it afford adequate deterrence as Defendant does not demonstrate remorse for his crime. (*Id.* at 12–13.)

The Court agrees with the Government. Defendant's 135-month term of imprisonment represents the low-end of the applicable guideline range. While the Court commends Defendant on positive steps he may have taken while in custody, Defendant fails to convince the Court that his rehabilitation efforts warrant a sentence reduction at this time. Defendant also fails to persuade the Court that his time in custody during the COVID-19 pandemic or his low risk of recidivism warrant a time served sentence. In sum, Defendant fails to persuade the Court that the § 3553(a) factors support a reduction from his well-supported 135-month term of imprisonment.

**III.  CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 433.)

IT IS SO ORDERED.

Date: April 10, 2024

Troy L. Nunley
United States District Judge